ACCEPTED
07-14-00340-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
1/13/2015 11:55:40 AM
Vivian Long, Clerk

NO. 07-14-00340-CR

IN THE COURT OF APPEALS

SEVENTH DISTRICT OF TEXAS

Amarillo, Texas

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

1/13/2015 11:55:40 AM

VIVIAN LONG
CLERK

**ALLYNE SHANE DOYLE**

Appellant

V.

**THE STATE OF TEXAS**

Appellee

Appealed from the 69th Judicial District Court
Dallam County, Texas
Cause #4361

**APPELLANT'S BRIEF**

TIMOTHY D. SALLEY
State Bar No. 00795633
Salley & Lands
102-B E 7th Street
Dumas, TX 79029
(806) 934-3185
tsalley53@gmail.com

NO. 07-14-00340-CR

IN THE

SEVENTH COURT OF APPEALS

Amarillo, Texas

**ALLYNE SHANE DOYLE**

Appellant

V.

**THE STATE OF TEXAS**

Appellee

---

## NAMES OF ALL PARTIES AND ATTORNEYS

---

So the members of the Court can determine disqualification and recusal under Texas Rules of Appellate Procedure 15 and 15a, Appellee certifies that the following is a complete list of the parties, attorneys, the trial court judge, and any other person who has any interest in the outcome of the matter:

Timothy D. Salley, Appellant's attorney at trial and on appeal
102 E 7th Street, Suite B
PO Box 974
Dumas, Texas 79029
Telephone: (806) 934-3185

Nancy Nemer, Assistant Attorney General
PO Box 12548
Austin, Texas 78711
Telephone: (512) 463-8376

Honorable Ron Enns, Trial Judge
District Judge, 69th judicial District, Dallam County
715 S Dumas Ave.
Dumas, Texas 79029
Telephone: (806) 935-2700

2

Allyne Shane Doyle
Defendant/Appellant

Respectfully Submitted,


_____/s/_Tim_Salley_____
Timothy D. Salley
Salley & Lands, Attorneys' at Law
State Bar No. 00795633
Attorney for Appellant
102 E 7th Street, Suite B
Dumas, Texas 79029
(806) 934-3185
tsalley53@gmail.com

**TABLE OF CONTENTS**

NAMES OF ALL PARTIES AND ATTORNEYS. . . . . . . . . . . . . . . . . . . . . . . . . .2

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . 6

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

APPELLANT'S AUTHORITY AND ARGUMENT . . . . . . . . . . . . . . . . . . . . . 9

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

CERTIFICATE OF WORD COUNT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

# INDEX OF AUTHORITIES

**Cases**

*Johnson v. State,* 120 S.W.3d 10

(Tex.App.-Amarillo 2003, *affd* 169 S.W.3d223)……………………………..9

## STATEMENT OF THE CASE

This is an appeal from a bench trial. Defendant was accused of Aggravated Assault with a Deadly Weapon. The Court found defendant guilty and assessed punishment at 25 years in the Texas Department of Criminal Justice. From this sentence Appellant appeals.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant is not requesting oral argument. The issue in this appeal is straight forward. If oral argument is requested and granted to the State, then Appellant requests same.

## ISSUES PRESENTED

1.    The Court erred in not granting Appellant's Motion for a new Trial in the punishment phase.

## STATEMENT OF FACTS

On July 8, 2014, Appellant went to trial before Ron Enns, District Judge, 69th Judicial District, for aggravated assault with a deadly weapon. At the close of testimony, the Court found Appellant guilty of the offense. RR 3:121. A punishment hearing was immediately convened and all parties announced ready. RR 3:121. The State announced that it would be calling Angela Reynolds and Brandy Blanco and others as witnesses in the punishment phase. RR 3:121-2. These witnesses were in the court room as the witness rule was invoked. RR 3:125. After the witness rule was invoked, Appellants counsel announced to the

6

Court that Appellant did not want to be present during the testimony of some of these witnesses. RR 3:125. Appellant confirmed that wish to the Court. RR 3:126. Appellant's reasoning was the he had been warned earlier not to look at these witnesses because he was coercing or threatening them. RR 3:127. He was chastised by the State's Prosecutor and accused of glaring at them in an attempt to intimidate them. CR 43. The Court confirmed that he had heard there were some "rumblings" about Appellant looking angrily at witnesses. RR 3:127. Although the Court had been watching, he did not see anything that caused him concern. RR 3:128. After discussion with his counsel, Appellant still did not wish to be present for this part of the testimony. RR 3:129. Appellant confirmed that there was not one particular witness that he did not want to be present for, but that it was all of the witnesses. RR 3:129. After both sides rested in the punishment hearing, Appellant was brought back in and sentenced to 25 years in the Texas Department of Criminal Justice. RR 3:186-7.

On July 15, 2014, Appellant filed a Motion for a New Trial. CR 1:39. On August 19. 2014, Appellant filed a supplement to that motion. CR 1:40. Due to a misunderstanding, Appellant did not testify on his behalf during the punishment hearing. CR 1:43. At the close of his punishment hearing, Appellant stated that his counsel had done everything that he had asked counsel to do. RR 3:189. Appellant wanted to testify but did not inform his counsel until back at the jail after his sentencing. CR 1:43.

7

## SUMMARY OF ARGUMENTS

The Court erred by not granting Appellant's Motion for a New Trial so he could testify in a punishment hearing.

## STATE'S AUTHORITY AND ARGUMENT

I.    **The Court erred in not granting Appellant's Motion for a new Trial in the punishment phase.**

"[A] criminal defendant has a constitutional right to testify in his own defense." *Johnson v. State,* 120 S.W.3d 10, 15 (Tex.App.-Amarillo 2003, *affd* 169 S.W.3d223)(Citing *Rock v. Arkansas*, 483 U.S. 44 (1987)). The "Supreme Court [has] held this right arises from the fifth and sixth amendments, is personal to the defendant, and cannot be waived by counsel." *Id.* "To be effective, any waiver of the right to testify must be made knowingly and voluntarily." *Id.* (citing *Emery v. Johnson,* 139 F.3d 171, 198 (5th Cir. 1997)).

On July 8, 2014, Appellant went to trial before Ron Enns, District Judge, 69th Judicial District, for aggravated assault with a deadly weapon. At the close of testimony, the Court found Appellant guilty of the offense. RR 3:121. A punishment hearing was immediately convened and all parties announced ready. RR 3:121. The State announced that it would be calling Angela Reynolds and Brandy Blanco and others as witnesses in the punishment phase. RR 3:121-2. These witnesses were in the court room as the witness rule was invoked. RR 3:125. After the witness rule was invoked, Appellants counsel announced to the Court that Appellant did not want to be present during the testimony of some of these witnesses. RR 3:125. Appellant confirmed that wish to the Court. RR 3:126. Appellant's reasoning was the he had been warned earlier not to look at these witnesses because he was coercing or threatening them. RR 3:127. He was chastised by the State's Prosecutor and accused of glaring at them in an attempt to intimidate them. CR 43.

9

The Court confirmed that he had heard there were some "rumblings" about Appellant looking angrily at witnesses. RR 3:127. Although the Court had been watching, he did not see anything that caused him concern. RR 3:128. After discussion with his counsel, Appellant still did not wish to be present for this part of the testimony. RR 3:129. Appellant confirmed that there was not one particular witness that he did not want to be present for, but that it was all of the witnesses. RR 3:129. After both sides rested in the punishment hearing, Appellant was brought back in the court room and sentenced to 25 years in the Texas Department of Criminal Justice. RR 3:186-7. It was the understanding that Appellant did not want to be present during his punishment hearing. The State confirms this understanding in its response to Appellant's supplement to his Motion for a New Trial. CR 1:50-51.

On July 15, 2014, Appellant filed a Motion for a New Trial which was presented to the trial court. CR 1:39. No hearing was scheduled on that motion, so on August 19. 2014, Appellant filed a supplement to that motion in order to preserve his affidavits for the record. CR 1:40. Said affidavits were of the complaining witness and the Appellant in order to inform the trial court of a misunderstanding. Said supplement was also presented to the trial court. Due to the misunderstanding, Appellant did not testify on his behalf during the punishment hearing. CR 1:43. At the close of his punishment hearing, Appellant stated that his counsel had done everything that he had asked counsel to do. RR 3:189. Appellant wanted to testify but did not inform his counsel until back at the jail after his sentencing. CR 1:43.

For these reasons, Appellant asks this Court to grant him a new punishment hearing.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State prays that this Court reverse the trial court's judgment in this cause.

Respectfully submitted,

_____/s/__Tim Salley_____
TIMOTHY D. SALLEY
State Bar No. 00795633
Asst. 69th District Attorney
715 S. Dumas Avenue, Room 304
Dumas, Texas 79029
(806) 935-5654
tsalley53@gmail.com

**CERTIFICATE OF WORD COUNT**

I hereby certify that this brief contains a total of  1,940 words.

_____/s/ Tim Salley_
TIMOTHY D. SALLEY

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing instrument was provided to all counsel of record in this matter on the 13th day of January, 2015, in accordance with the Texas Rules of Appellate Procedure.


_____/s/ Tim Salley_
TIMOTHY D. SALLEY